# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 17, 2017 Session

## LORESE DOUGLAS JONES, ET AL. v.
## STEPHEN W. BEHRMAN, ET AL.

### Appeal from the Circuit Court for Shelby County
### No. CT-004119-14     Robert Samuel Weiss, Judge

### No. W2016-00643-COA-R3-CV

This is a medical malpractice action[1] in which the trial court granted summary judgment for failure to file suit within the applicable statute of limitations. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Duncan E. Ragsdale, Memphis, Tennessee, for the appellants, Lorese Douglas Jones, Alene Johnson, George Seymore, Genest Douglas, Anthony Douglas, and Jacqueline Vaughn.

Marcy D. Magee, Margaret F. Cooper, Katherine M. Anderson, and Karen S. Koplon, Memphis, Tennessee, for the appellees, Stephen W. Behrman, Rolando J. Leal, Gastroenterology Center of the Mid-South, P.C.

---

[1] Tennessee Code Annotated section 29-26-101 now defines most all cases occurring in a medical context as "health care liability actions." The statute specifies that such an action "means any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability, on which the action is based. . . ." Acts 2011, ch. 510, § 8. Effective April 23, 2012, the term "health care liability" replaced "medical malpractice" in the Code. Acts 2012, ch. 798. The provisions of the revised statute do not apply to this action because the injuries at issue here accrued before October 1, 2011.

Rebecca P. Tuttle, Associate General Counsel, the University of Tennessee, Memphis, Tennessee, Counsel for Defendant/Appellee, the State of Tennessee.

**OPINION**

### I. BACKGROUND

The pertinent facts of this case are not in dispute. Lillian Douglas ("Decedent"), who had previously been diagnosed with endometrial cancer, underwent a hysterectomy, bilateral salpingo-oophrectomy, and omentectomy in 2006. Decedent also received pelvic radiation therapy. The surgery and radiation therapy promoted the formation of pelvic adhesions and fibrosis. In addition, Decedent suffered from a plethora of other health issues, including diabetes and arthritis. Decedent's primary care physician, Michelle A. Shelton, M.D. referred Decedent to Rolando J. Leal, M.D., a gastroenterologist, based upon a finding of microcytic anemia[2] and a change in bowel habits, loss of appetite, and weight loss. On January 27, 2011, Dr. Leal performed a colonoscopy that revealed diverticulosis but no clots to indicate bleeding as the cause of her anemia. Dr. Leal prescribed a high fiber diet and recommended that Decedent undergo a capsule endoscopy procedure[3] to aid in the discovery of any additional issues.

The procedure was performed on February 14, 2011. Two days later, an x-ray revealed "that the capsule was still present." Dr. Leal prescribed Zofran and a laxative and advised Decedent to report to the emergency room if she experienced abdominal distention or vomiting. The next day, further tests were ordered, which showed no bowel obstruction but that the capsule remained in the right lower quadrant.

On February 20, 2011, Decedent was admitted to Baptist Memorial Hospital based upon complaints of severe cramping with intermittent abdominal pain and nausea and vomiting. Imaging showed an abdominal obstruction, and an exploratory laparotomy was recommended to relieve the obstruction. Stephen W. Behrman, M.D., along with Drew H. Reynolds, M.D. and Scott Therrien, M.D., performed the procedure, which revealed adhesions and strictures in the small bowel. At some point, the surgeons lacerated or penetrated the small bowel, which required them to resect a portion of the bowel. They used vinyl mesh to secure the fascia and closed the skin over the mesh because they were unable to close the abdomen as a result of swelling. The small bowel or some other injured site leaked the contents of Decedent's bowel into the abdomen,

---

[2] A possible side effect of medication Dr. Shelton prescribed to treat Decedent's arthritis.

[3] The procedure involved swallowing a hard capsule with a mini video camera that allowed Dr. Leal to examine the small intestine.

causing an abscess and fistulas.  Decedent developed peritonitis and sepsis as a result of the leaking bowel and the abscess.  Decedent was ultimately discharged with hospice care and returned home on April 14, 2011, where she died on April 21, 2011.

On January 24, 2012, Decedent's family members (collectively "Plaintiffs") provided pre-suit notice of a potential suit against Drs. Behrman and Leal[4] and the Gastroenterology Center of the Mid-South, P.C. ("the Center").  Pre-suit notice was also provided to the State of Tennessee on February 1, 2012.[5]  As pertinent to this appeal, the pre-suit notices recounted the details of the claim as follows:

> 1.    Dr. Leal negligently performed capsule endoscopy on [Decedent], causing a small bowel obstruction; and
>
> 2.    Dr. Behrman, Dr. Reynolds, and Dr. Therrien burned, lacerated, cut, or otherwise injured [Decedent's] small intestine, resulting in [a] small bowel fistula, peritonitis, sepsis, and death on April 21, 2011.

On August 13, 2012, Plaintiffs filed a complaint in Circuit Court against the Center and Drs. Behrman and Leal (collectively "Defendants") and an identical complaint against the State in the Division of Claims Administration.  The claim was later transferred to the administrative clerk of the Tennessee Claims Commission.[6]  Plaintiffs voluntarily dismissed the Circuit Court case on September 27, 2012.  Plaintiffs again provided pre-suit notice before filing a complaint pursuant to the saving statute on September 26, 2013.  The suit against the State was consolidated with the re-filed case.

Defendants filed a motion to dismiss, arguing that the saving statute did not apply because Plaintiffs failed to file the initial suit within the applicable one-year statute of limitations.[7]  Defendants argued that the cause of action accrued on February 20, 2011, thereby requiring the filing of the initial suit no later than June 20, 2012.[8]

---

[4]Drs. Reynolds and Therrien, who were initially included, were later dismissed as parties.

[5]Drs. Reynolds and Therrien were resident physician employees of the State.

[6]The State filed a motion to dismiss for failure to comply with the medical malpractice statutes and the statute of limitations.  The Claims Commission reserved ruling on the issue of timeliness but denied the request for dismissal pursuant to the medical malpractice statutes.

[7] Defendants also claimed that Plaintiffs failed to comply with the medical practice statutes.  We will not address these potential deficiencies because the court reserved ruling on these issues.

[8]A medical malpractice action is subject to a one-year statute of limitations.  Tenn. Code Ann. § 29-26-116(a)(1).  The statute of limitations may then be extended by 120 days if notice is provided pursuant to

The State later joined in the motion. Plaintiffs then filed an amended complaint in which they alleged that they did not discover their cause of action in this matter until February 6, 2012, the date they obtained Decedent's medical record. They claimed that the facts of Decedent's injury were fraudulently concealed from them and that they were not given details of her condition.

Likewise, Plaintiffs responded to the motion to dismiss by claiming fraudulent concealment and alleging that they first learned of the potential cause of action on February 6, 2012. They alternatively claimed that the diligent procurement of a certificate of good faith tolls the statute of limitations until one year after the signing of the certificate, thereby requiring the filing of the complaint by August 1, 2013. Plaintiffs included affidavits from several family members in support of their assertion.[9] These family members attested that they were not adequately informed of Decedent's medical condition. They raised the same complaints when deposed.

The case proceeded to a hearing, after which the court requested affidavits from Drs. Behrman and Leal. Dr. Leal attested that he advised Decedent and her family on February 25, 2011, that the capsule from the endoscopy procedure was present at the site of the adhesions from her prior hysterectomy and that she suffered from a small bowel obstruction. Dr. Behrman attested that he regularly updated Decedent and her family regarding her condition, their assessment of her condition, and the plan for treatment. He noted that he also provided them with "the findings from the surgery, including, but not limited to, the fact that we dissected and resected the bowel during the procedure."

The court granted summary judgment, finding that the saving statute did not apply because the cause of action accrued on February 20, 2011, the date of the surgery. The court further found that Plaintiffs had not submitted sufficient proof to establish fraudulent concealment. This timely appeal followed.

## II.    ISSUE

We consolidate the issues raised into the following single and dispositive issue: Whether the trial court erred in granting summary judgment.

## III.    STANDARD OF REVIEW

---

the medical malpractice statutes. *See* Tenn. Code Ann. § 29-26-121(c) ("When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider.").

[9] The inclusion of affidavits converted the motion to dismiss into one for summary judgment.

The appropriate summary judgment standard to be applied is as follows:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).[10] When a properly supported motion is made, "the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in [Rule 56 of the Tennessee Rules of Civil Procedure], set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'" *Id.* at 265 (quoting Tenn. R. Civ. P. 56.06). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

"We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness." *Rye*, 477 S.W.3d at 250 (citations omitted). "In doing so, we make a fresh determination of whether the requirements of [Rule 56] have been satisfied." *Id.* (citations omitted). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

## IV.    DISCUSSION

Plaintiffs argue that genuine issues of material fact remain as to whether they knew or reasonably should have known of their cause of action on February 20, 2011. They renew their claim of fraudulent concealment and further assert that the discovery of their cause of action was contingent upon their ability to obtain a certificate of good faith, which was not signed until August 1, 2012. Defendants respond that the discovery rule cannot operate to toll the statute of limitations when the affidavits established (1) that Plaintiffs knew that Decedent was suffering from complications as a result of the capsule endoscopy performed prior to the surgery and (2) that Plaintiffs had also been advised

---

[10] Plaintiffs claim that the court erroneously applied the standard of review as set forth in *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1 (Tenn. 2008). The record does not support this assertion. Moreover, any potential error is harmless.

that a portion of Decedent's intestine was removed during the surgery. They further provide that Plaintiffs cannot prove the elements of fraudulent concealment and that the certificate of good faith requirement does not toll the statute of limitations. Likewise, the State responds that the court did not err in granting summary judgment when the undisputed facts establish that Plaintiffs either discovered or reasonably should have discovered their cause of action on February 20, 2011. The State further provides that the certificate of good faith requirement does not determine the date of discovery. The State explains that notice of a cause of action has no causal relationship to whether a plaintiff has obtained a signed physician opinion statement.

Medical malpractice claims are a specialized type of negligence action. Such actions in this state are controlled by the medical malpractice statute, which provides, in pertinent part, as follows:

(a)(1) The statute of limitations in health care liability actions shall be one (1) year as set forth in § 28-3-104.

(2) In the event the alleged injury is *not* discovered within such one-year period, the period of limitation shall be one (1) year from the date of such discovery.

(3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

(4) The time limitation herein set forth shall not apply in cases where a foreign object has been negligently left in a patient's body, in which case the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered.

Tenn. Code Ann. § 29-26-116(a) (2012) (emphasis added).

Plaintiffs discovered their cause of action within the one-year period of limitation as evidenced by their filing of pre-suit notice that alleged, in pertinent part, as follows:

1.      Dr. Leal negligently performed capsule endoscopy on [Decedent], causing a small bowel obstruction; and

2. Dr. Behrman, Dr. Reynolds, and Dr. Therrien burned, lacerated, cut, or otherwise injured [Decedent's] small intestine, resulting in [a] small bowel fistula, peritonitis, sepsis, and death on April 21, 2011.

Accordingly, Plaintiffs could not rely upon the discovery rule and were required to file suit no later than June 20, 2012, within 1 year and 120 days of the date of the surgery on February 20, 2011. Tenn. Code Ann. § 29-26-121(c) ("When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider."). Here, Plaintiffs filed their initial suit on August 13, 2012, after providing pre-suit notice on January 24, 2012. Absent proof of fraudulent concealment, we must agree with the trial court that the saving statute does not apply because the applicable statute of limitations expired on June 20, 2012. In so holding, we reject Plaintiffs' assertion that the diligent procurement of a certificate of good faith tolls the statute of limitations until one year after the signing of the certificate. This argument is contrary to the statute and established case law.

When a fraudulent concealment defense has been asserted, "the burden of proof shifts to the plaintiff to establish the exception to the statute being claimed." *Robinson v. Baptist Mem'l Hosp.*, 464 S.W.3d 599, 611 (Tenn. Ct. App. 2014) (citations omitted). As set forth by the learned trial court in this case, a plaintiff invoking the defense must allege and prove the following four elements:

1. That the defendant affirmatively concealed the plaintiff's injury or the identity of the wrongdoer or failed to disclose material facts regarding the injury or the wrongdoer despite a duty to do so;

2. That the plaintiff could not have discovered the injury or the identity of the wrongdoer despite reasonable care and diligence;

3. That the defendant knew that the plaintiff had been injured and the identity of the wrongdoer; and

4. That the defendant concealed material information from the plaintiff by withholding information or making use of some device to mislead the plaintiff in order to exclude suspicion or prevent inquiry.

*See Benton v. Snyder*, 825 S.W.2d 409, 414 (Tenn. 1992). The record in this case is simply devoid of any evidence establishing that Plaintiffs could not have discovered the injury or the identity of the wrongdoer despite reasonable care and diligence or that

anyone concealed material information from them. Indeed, Plaintiffs acquired Decedent's medical records shortly after a request was submitted. With all of the above considerations in mind, we conclude that the court properly found that Defendants and the State were entitled to an award of summary judgment when no reasonable trier of fact could conclude that Defendants fraudulently concealed Decedent's injury or that Plaintiffs could not have discovered the injury or the identity of the wrongdoer despite reasonable care and diligence.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed equally to the appellants, Lorese Douglas Jones, Alene Johnson, George Seymore, Genest Douglas, Anthony Douglas, and Jacqueline Vaughn.


_____

JOHN W. McCLARTY, JUDGE